# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| BRIAN WAYNE DRAKE | § | |
| VS. | § | CIVIL ACTION NO. 1:20-CV-108 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Brian Wayne Drake, a prisoner in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court ordered that this matter be referred to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge. The magistrate judge recommends dismissing the petition as barred by the statute of limitations.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings. The petitioner filed a motion for rehearing, which the Court liberally construes as objections to the magistrate judge's report and recommendation.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration of all the pleadings and the relevant case law, the Court concludes that the petitioner's objections lack merit. The magistrate judge correctly concluded that the petition is barred by the statute of limitations, and that equitable tolling is not warranted. The petitioner offers no legal support for his argument that a criminal defendant can

challenge the state court's jurisdiction at any time in federal court, without regard to the statute of limitations. The petitioner contends that his failure to file a timely petition should excused, and the Court should consider the merits of his claims, because he is actually innocent of the offense. Although the United States Supreme Court has not recognized a freestanding claim of actual innocence as a ground for federal habeas relief, actual innocence, if proved, may excuse a procedural bar to federal habeas review of constitutional claims. *McQuiggin v. Perkins*, 569 U.S. 383, 386-92 (2013); *Burton v. Stephens*, 543 F. App'x 451, 458 (5th Cir. 2013); *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000). Because the petitioner has not presented any newly-discovered evidence that would have resulted in his acquittal, he has not raised an actual innocence claim sufficient to excuse his failure to comply with the statute of limitations.

Further, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable:

(1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling was incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

## **ORDER**

Accordingly, the petitioner's objections (document no. 23) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge (document no. 20) is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

**SIGNED this 2nd day of June, 2021.**

Michael J. Truncale
United States District Judge